**United States District Court**
For the Northern District of California

1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5                              OAKLAND DIVISION

6

7    PABLO MORA,

8                         Petitioner,              No. C 12-1623 PJH (PR)

9      vs.                                         **ORDER TO SHOW CAUSE**

10   GREG LEWIS, Warden,

11                        Respondent.
                                              /
12

13          Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison,

14   has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has

15   paid the filing fee.

16          Petitioner was convicted in Monterey County, which is in this district, so venue is

17   proper here.  *See* 28 U.S.C. § 2241(d).

18                                **BACKGROUND**

19          A Monterey County jury convicted petitioner of attempted murder and assault with a

20   firearm.  With sentence enhancements, he was sentenced to thirty years to life in prison.

21          Petitioner appealed.  The California Court of Appeal affirmed and the Supreme Court

22   of California denied review.  The issue he raises here is one he presented on direct appeal.

23

24                                **DISCUSSION**

25   **A.    Standard of Review**

26          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

27   custody pursuant to the judgment of a State court only on the ground that he is in custody

28   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

*United States District Court*
For the Northern District of California

1  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

2  heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

3  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

4  pursuant to a judgment of a state court must "specify all the grounds for relief available to

5  the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

6  Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

7  petition is expected to state facts that point to a 'real possibility of constitutional error.'"

8  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

9  1970).   "Habeas petitions which appear on their face to be legally insufficient are subject to

10  summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108

11  (9th Cir. 1996) (Schroeder, J., concurring).

12  **B.    Legal Claims**

13      As grounds for federal habeas relief, petitioner asserts that his due process rights

14  were violated when the trial court gave an erroneous jury instruction on attempted voluntary

15  manslaughter, and in closing the prosecutor misstated the provocation requirement.  This

16  claim is sufficient to require a response.

17                                    **CONCLUSION**

18      1.  The clerk shall serve by regular mail a copy of this order and the petition and all

19  attachments thereto on respondent and respondent's attorney, the Attorney General of the

20  State of California.  The clerk also shall serve a copy of this order on petitioner.

21      2.  Respondent shall file with the court and serve on petitioner, within sixty days of

22  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

23  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

24  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

25  portions of the state trial record that have been transcribed previously and that are relevant

26  to a determination of the issues presented by the petition.

27      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

28  the court and serving it on respondent within thirty days of his receipt of the answer.

1    3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

2  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

3  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

4  and serve on respondent an opposition or statement of non-opposition within thirty days of

5  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

6  within fifteen days of receipt of any opposition.

7    4.  Petitioner is reminded that all communications with the court must be served on

8  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

9  must keep the court informed of any change of address and must comply with the court's

10  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

11  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

12  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

13    **IT IS SO ORDERED.**

14  Dated:  April 24, 2012.

       PHYLLIS J. HAMILTON
15       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.12\MORA1623.OSC.wpd

3